NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IBTESAM BALUCH,

Plaintiff-Appellant,

v.

JOHN J. SULLIVAN, Acting Secretary of
State, U.S. Department of State,

Defendant-Appellee.

No.   17-55006

D.C. No. 16-CV-1094-GHK

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted April 10, 2017
Pasadena, California

Before: BEA, MURGUIA, Circuit Judges; KEELEY,** District Judge

Bilal Moazam Azam ("Azam"), Plaintiff's husband, first applied for an

immigrant visa at the U.S. Consulate in Mumbai, India in June 2012. The Consulate

did not act on his application. On February 17, 2016, Plaintiff petitioned for a writ

---

*      This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

**     The Honorable Irene M. Keeley, Senior United States District Judge for the
Northern District of West Virginia, sitting by designation.

of mandamus in the Central District of California to order the consulate to act on Azam's visa application. According to Plaintiff's Second Amended Complaint (SAC), three weeks after Plaintiff filed the petition Azam was summoned to the Mumbai consulate. He was handed a piece of paper which stated that his visa application was denied pursuant to 8 U.S.C. § 1182(a)(3)(B), the statute which prohibits the awarding of visas to those with ties to terrorism or terrorist activities. Plaintiff also alleges that when the consular officer handed Azam the piece of paper stating that the visa had been denied, the officer said "Give this to your attorney, it is what he is waiting for." After the consulate denied Azam's visa application, Plaintiff amended her mandamus petition into a motion for a declaratory judgment and argued that Defendant violated the Administrative Procedure Act, (APA), 5 U.S.C. § 706 *et seq.* because the denial of her husband's visa was made "in bad faith," and asked the district court to issue a declaratory judgment that Azam is "not inadmissible…under 8 U.S.C. § 1182(a)(3)(B) or any other section of law." Defendant moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). The district court granted Defendant's motion without prejudice. Plaintiff amended her complaint a second time to add further allegations relating to the consular officer's alleged bad faith. Defendant moved to dismiss the SAC under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The district court granted defendant's motion and dismissed the SAC with prejudice. This appeal followed.

The Court of Appeals reviews de novo the district court's dismissal for failure to state a claim under Rule 12(b)(6) and may affirm on any ground supported by the record. *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

The district court's decision is affirmed. Here, as in *Kerry v. Din*, 135 S. Ct. 2128 (2015), the government denied Azam's visa application by citing to 8 U.S.C. § 1182(a)(3). Pursuant to *Din*, a court will not "look behind" a consular officer's visa application denial so long as 1) the consular officer provided "a facially legitimate and bona fide reason" for the denial, *id.* at 2140; and 2) the applicant is unable "to make an affirmative showing of bad faith on the part of the consular officer who denied [Azam] a visa," which the applicant must "plausibly allege with sufficient particularity," *id.* at 2141. Plaintiff concedes that the consular officer provided a facially legitimate and bona fide reason for the denial. Taking the facts in the Second Amended Complaint as true, Plaintiff's allegations of "bad faith" are speculative. Plaintiff's allegation that the consular officer acted in a rude manner does not plausibly suggest "bad faith" on the officer's part. *Cardenas v. United States*, 826 F.3d 1164 (9th Cir. 2016). Neither does the timing of the consular officer's decision on Azam's visa suggest an improper reason for the ultimate decision. The consular officer was also under no obligation to provide more detail for a visa denial on the basis of 8 U.S.C. § 1182(a)(3)(B). *Din,* 135 S. Ct. at 2141. Taken together, Plaintiff's allegations do not "nudg[e] [her] claims across the line

from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

**AFFIRMED.**